UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cr-00051-RLV-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SCOTT MINCH | ) | |
| | ) | |

THIS MATTER is before the Court on the Government's "Notice of Appeal, Motion for Revocation of Conditions of Release, and Motion for Order of Detention," filed October 3, 2018. (Doc. No. 14.) Although not required, Defendant did not respond to the instant appeal, and since the time to respond has passed, the matter is now ripe.

The Court has reviewed the record, including the recordings of the hearing before the Magistrate Judge, and the applicable law. In short, Defendant argued, and the Magistrate Judge concluded, that despite the entry of Defendant's plea of guilty, "exceptional reasons" existed under 18 U.S.C. § 3145(c) such that Defendant was ordered to be released subject to certain conditions. (Doc. No. 11.)

The statute provides, "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The Eighth Circuit has explained:

> "[E]xceptional" means "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007). It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor is it clearly out of the ordinary, uncommon, or rare for defendants to cooperate in the investigation of their criminal acts.

1

United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)).

For the reasons explained in the Government's instant appeal and motion (Doc. No. 11), the Court concludes that Defendant has not clearly shown exceptional reasons why his detention is not appropriate or otherwise demonstrated the requirement for release under § 3145(c). See United States v. Vilaiphone, No. 3:08CR232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) (collecting cases); United States v. Willis, No. 3:10CR56, 2011 WL 1542140, at *2 (W.D.N.C. Apr. 22, 2011).

IT IS THEREFORE ORDERED that the Government's Notice of Appeal and Motion for Revocation of Conditions of Release and Motion for Order of Detention is GRANTED. Defendant, having admitted his guilt, is hereby ordered into the Custody of the United States Marshal. **Defendant shall report to the Office of the United States Marshal no later than 12:00 p.m. on Tuesday, November 20, 2018, at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202, to begin service of his sentence. Defendant will remain in the custody of either the United States Marshal or the United States Bureau of Prisons, pending his sentencing hearing.**

IT IS FURTHER ORDERED that Counsel for the Defendant shall notify the Defendant of this ORDER and the Defendant's responsibility to report to the United States Marshal.

IT IS SO ORDERED.

Signed: November 16, 2018

Frank D. Whitney
Chief United States District Judge